TOLEDO BRIDGE COMPANY v. JOSEPH L. YOST, TREAS.

1. SECTION 2781, REV. STAT., METHOD OF COLLECTION.

Section 2781, Rev. Stat., providing that taxes on property omitted from the duplicate and subsequently entered thereon by the county auditor "shall be collected the same as other taxes" requires that such taxes shall be collected by the same methods and processes as other taxes, but not at the same periods for the semi-annual payments of taxes; that is, they are to be collected as delinquent taxes, and it is the duty of the county treasurer after such taxes have been entered on the duplicate, to promptly institute proceedings for the collection of the same under Sec. 2859, Rev. Stat., by distraint or otherwise, and an action so commenced is not prematurely brought.

2. GENERAL VERDICT SHOULD BE SUSTAINED UNLESS CLEARLY INCONSISTENT.

A general verdict should be sustained unless it is clearly inconsistent with any theory provable under the issues and that the evidence tends to support. Hence, the fact that the amount of the verdict, in an action for the recovery of taxes not listed by the owner on the duplicate, is substantially equiva-

lent to the taxes as returned by the auditor, for years previous to the current year, without penalty and interest, does not necessarily indicate that there was no evidence of falsity in the returns of defendant within the meaning of Sec. 2781, Rev. Stat., there being no interrogatories, no special verdict and nothing which distinctly says that the jury found there was no fraud on the part of defendant. The jury in such case was not bound to return a verdict that the defendant had not been guilty of making false returns.

**3. Duty to Return Property for Taxation.**

It is the duty of the resident property owner to return his taxable property for taxation, but in order to render a return thereof a "false return," within the meaning of Sec. 2781, Rev. Stat., there must appear, if not a design to mislead or deceive on his part, at least culpable negligence.

**4. When Question of Return Should go to Jury.**

The appearance of officers of a corporation before the board of equalization on certain occasions, to make inquiries and having interviews there, is not sufficient to require the jury to say that their returns were not false, where there is evidence tending to show that such corporation had not proceeded with care and diligence in ascertaining what was required of them. In such case the question should be submitted to the jury.

**5. Taxation of Material of Manufacturing Company.**

Material purchased in other states by a bridge manufacturing and construction company for use in its business in this state, which does not come to its factory to be changed or operated upon, but goes directly to the place of use, is subject to taxation under Sec. 2742, Rev. Stat., and a request to charge that all such property not produced at the factory, used in the construction of bridges generally, was properly refused. Whether such property not brought into or used in this state at all, is subject to taxation, *quaere*.

**6. Rule as to Collection Prior to Current Year.**

Where there is no falsity in the returns of a taxpayer for taxes on property not returned, within the meaning of Sec. 2781, Rev. Stat., proceedings should be brought under Sec. 2742, Rev. Stat., and under no other section, and if brought under the section mentioned, the auditor could not go back of the current year and enter upon his tax duplicate any alleged delinquent or omitted taxes for the years prior thereto, but if, in proceedings under such provision, he finds omitted taxes of the current year, such taxes may be added by a method substantially, if not precisely, like that afforded by Sec. 2781, Rev. Stat., or a proceeding may be instituted under Sec. 2859, Rev. Stat., but in no event can taxes be collected back of the current year unless falsity in returns be established prior to the enactment of Sec. 2781a, Rev. Stat., March 22, 1900.

**7. Possibility of Prejudice—Reversal.**

Where, in an action to recover omitted taxes, prior to the enactment of Sec. 2781a, Rev. Stat., the trial judge omitted to direct the jury that they could not enter into their verdict taxes for years prior to the current year unless upon a finding of false returns, and the verdict, including taxes for previous years returned without special findings, suggests, by omitting penalties, that the jury did not find that there had been false returns, a reviewing court, being unable to be sure that the erroneous charge did not result prejudicially, should reverse the judgment.

Heard on Error.

*E. W. Tolerton,* for plaintiff in error.

*Charles E. Sumner* and *J. B. Jones,* for defendant in error.

Parker, J.

The petition in the court below, by Yost, as treasurer of Lucas county, against the Toledo Bridge Company, sets forth that the bridge company is charged upon the tax duplicate of Lucas county with personal property taxes, as follows:

Lucas Circuit Court.

| | |
|---|---|
| For the year 1894 upon $24,600, taxes due............ | $703 56 |
| For the year 1895 upon $30,900, taxes due............. | 896 10 |
| For the year 1896 upon $30,600, taxes due............. | 954 72 |
| For the year 1897 upon $24,000, taxes due............. | 715 20 |
| For the year 1898 upon $36,000, taxes due......... .... | 1195 20 |
| For the year 1899 upon $34,800, taxes due .......... | 1148 40 |

Making an aggregate sum now due and payable...... $5,613 18

The prayer is for a judgment for that amount and for an added sum of five per cent. due to the treasurer upon the collection of these taxes. Attached to the petition, as an exhibit, is a certificate of William M. Godfrey, as auditor of Lucas county, dated January 13, 1900, setting forth that he had, upon that day entered upon the tax-lists in his office against the Toledo Bridge Company in the above amounts in addition to the returns made by said Toledo Bridge Company of their personal property for taxation in the years 1894, 1895, 1896, 1897, 1898 and 1899, with penalty and taxes thereon, and that the same are therewith transmitted to the treasurer for collection in pursuance of the statute in such cases made and provided. To that is attached a tabulated statement, in substance the same as I have read from the petition, though somewhat more in detail.

The bridge company filed an answer in which it sets forth that from the years 1894 to 1899, inclusive, it returned annually for taxation all of its personal property as required by law; that the defendant is a manufacturer of bridges and annually during said years returned for taxation the average value of all personal property purchased, received, or otherwise held for the purpose of being used in whole or in part in the construction of bridges and other work manfactured by the defendantt as required by Sec. 2742, Rev. Stat., and that during each of said years, the defendant has paid to the treasurer of said county the full amoun, of taxes due upon the property so returned by it for taxation.

I quote a part: "And this answering defendant says that if the amounts set forth in the plaintiff's petition stand charged against the defendant on the tax duplicates of said county, the same is unauthorized and illegal. That about eight o'clock P. M. of January 14, 1900, the auditor of said county, at the request of the tax inquisitor thereof, and without any knowledge or notice to said defendant, entered upon said tax duplicates the amounts set forth in the petition, for said years respectively. And thereupon, and without notice to the defendant, this action was immediately begun by the plaintiff, to collect the taxes so put upon said duplicates by said auditor, wrongfully, illegally and without authority of law.

"Defendant further in answering, says, that prior to the date aforesaid, at the request of said tax inquisitor, the said auditor issued a notice to the defendant to appear at his office for the purpose of having an investigation as to omitted personal property for taxation on the part of said defendant. That said investigation was fully made; and the defendant avers that there was no evidence produced before said auditor on said hearing, showing that said defendant company had omitted any property whatever for taxation during said years; and it therefore avers that the action of said auditor in placing said amounts on the tax duplicate against said defendant on account of property omitted by it from its returns for taxation during said years, was without authority of law. And this answering defendant therefore denies that it is indebted to

the plaintiff in any amount whatever for taxes, as alleged in the petition, and prays that this action may be dismissed."

To that the plaintiff filed a reply and averring that "On or about June 10, 1899, the auditor of said Lucas county brought the said defendant by its agents and officers before him under Secs. 2781 and 2782, Rev. Stat., and gave it an opportunity to show that its returns of personal property for taxation for each one of the years 1894 to 1899, both inclusive, were correct, but said defendant failed to show that said returns were correct for any one of said years, and thereupon said cause, by the consent of said defendant, was continued from time to time until December 4, 1899, and then said defendant being present by its said officers, agents, and its attorneys, a full investigation of said returns was made and said auditor took testimony both competent and sufficient and said defendant presented such evidence as it desired, but it again failed to show that its returns were correct for any one of said years and thereupon said auditor found that the returns made by said defendant of its personal property for taxation for each one of said years, 1894 to 1899 inclusive, were false and upon the same evidence said auditor corrected said false returns and found the several amounts described and set forth in his office and placed the same on the proper duplicates and certified the same to the treasurer of said county for collection as other taxes.

"That it is not true that said defendant from the year 1894 to the year 1899, both inclusive, returned annually for taxation all of its personal property as required by law: that it did not annually return for taxation during said years the average value of all personal property purchased, received or otherwise held for the purpose of being used in whole or in part for the construction of bridges and other work manufactured by defendant as required by Sec. 2742, Rev. Stat. That it may be that said defendant paid the taxes on such property as it returned for each one of said years, but such returns were false. That the amounts set forth in said petition are on said tax duplicates and are legal and authorized.

"The said auditor did not, on January 14, 1900, or at any other time make any entries upon the tax duplicates at the request of the tax inquisitor; nor did he make any entries upon said duplicates without first giving the said defendant ample opportunity to show that its said returns were correct; that said amounts as found by said auditor to be wrongfully omitted from taxation were put upon said duplicates according to law, and this plaintiff brought this action as he was required by law to do.

"That upon the hearing before said auditor, said auditor heard evidence that satisfied his mind that said defendant had omitted large amounts of personal property and had made false returns thereof each one of said years, and said corrections of said returns were not without authority."

The case was tried to a jury, and as a part of the record, a bill of exceptions, containing all of the evidence submitted to the jury, is presented here.

The total amount claimed, as I have said, was $5,613.18 with interest. The verdict of the jury in favor of the auditor of the county was for $4,080.24. The action was brought under Sec. 2859, Rev. Stat.

The plaintiff in error complains of the action of the court in various respects and urges against the correctness and validity of this judgment various points, all of which may not be fully discussed by us this after-

noon, though they have received consideration at our hands in consultation.

One contention on behalf of the plaintiff in error is: That the action was prematurely brought; that the added taxes were not due; that, since Sec. 2781, Rev. Stat., provides that the taxes thus entered upon the duplicate by the auditor shall be collected by the treasurer "the same as other taxes," they should have been entered upon the duplicates and collected, one-half at the next period for the semi-annual payments of taxes and the other half at the next following period. But we are of the opinion that the meaning of the words "shall be collected the same as other taxes," is, that they shall be collected by the same methods and processes, though not at the same time. These taxes are collected as delinquent taxes. Some of the taxes are alleged to have been delinquent, and we are of the opinion that it is competent and proper and that it is the duty of the treasurer to institute an action for the collection of these taxes under Sec. 2859, Rev. Stat., promptly upon the taxes being entered upon the duplicate; that he should proceed promptly to collect under that section or by process of distraint, or otherwise, as provided by law.

It is also contended by plaintiff in error that there is no evidence of any falsity in the returns of the bridge company, within the meaning of Sec. 2781, Rev. Stat., that the jury had so found by the verdict; and, if they had not so found their verdict would have been wrong; in other words, it would not have had evidence to sustain it.

First, as to whether they have so found. This contention is based upon a calculation made by the plaintiff in error, that the amount of this verdict is the equivalent of the taxes as returned by the auditor, without penalty, and the interest accruing thereon to the time the verdict was returned; and the two amounts do appear to be substantially the same, and yet we cannot be certain, that the verdict was arrived at in that way.

There were no interrogatories submitted to the jury, no special verdict, nothing returned by the jury which says distinctly, that they found that there was no fraud upon the part of the bridge company; that is to say, no falsity in their returns. They may have concluded that there was no falsity, and they may have arrived at this verdict in the way surmised by counsel for the plaintiff in error. But, we cannot be sure of that; they may have arrived at this result in another way; they may have arrived at it by scaling down the amounts for these various years, or for some of them, and then adding the penalty to that and they may have thereby brought out the same result.

A general verdict is to be sustained unless it is clearly inconsistent with any theory provable under the issues and that the evidence may tend to support.

It is also urged that if the verdict of the jury is, in effect, that there was falsity in these returns, it is not sustained by the evidence. I need not enter upon the discussion of this evidence. I shall content myself with saying that we are not prepared to say that the jury was *bound* to return a verdict in effect that the defendant had not been guilty of falsity in making these returns. The term "false return" as used in the statute, has been defined by our Supreme Court, and I call attention to the language used in one case which seems to be to the point here: Ratterman v. Ingalls, 48 Ohio St. 468, 489 [28 N. E. Rep. 168]:

Bridge Co. v. Yost.

"It is the duty of the resident property owner to return his taxable property for taxation. In the performance of this duty he must use diligence and care in acquiring knowledge from sources where information is obtainable. If he uses such care and acts honestly, making his return in accordance with his best knowledge and belief, after using all reasonable means to obtain an intelligent belief, his return will not be false within the meaning of Sec. 2781. But this belief must result from a careful effort to perform the duty. Blind reliance upon an indolent belief that one's property is not taxable, without investigation, inquiry or disclosure to the taxing officer, would show culpable negligence, as fatal to the claim of good faith and innocent purpose, as would direct intent to deceive."

And we are not prepared to say that the action taken by certain officers of this bridge company, in appearing before the board of equalization lon certain occasions, to make inquiries, and in having interviews there, was sufficient to require the jury to say that their returns were not false: we think that notwithstanding these interviews and notwithstanding what has been testified to as having occurred there, there was evidence tending to show that the bridge company had not proceeded with such care and diligence to ascertain what was required of them in the way of returning this property for taxation, as must, as a matter of law, have excused it from the charge of making a false return. There was enough evidence bearing upon the question to require that it should entered be submitted to the jury and the verdict is not, in our judgment, mani-festy against the weight of the evidence.

It is also contended that since the court of common pleas erred in charging the jury that the plaintiff was entitled to recover five per cent. as fees of the treasurer on such amount as they might find to be due in the way of taxes, and since this per cent. to the treasurer may have entered into this verdict, therefore, the court should have granted the motion for a new trial.

The case of Hunter v. Borck, 51 Ohio St. 320 [37 N. E. Rep. 714], has been referred to as holding distinctly that the penalty of five per centum to be allowed to the treasurer should be collected upon the amounts entered upon the tax duplicates under Sec. 2781, Rev. Stat. It is not clear to us that this case so holds. It is held that the treasurer is not entitled to its five per centum upon the penalty added to the tax on account of the failure to make the semi-annual payments of taxes as they fell due at these semi-annual periods. The provision allowing five per cent. to the treasurer is contained in Sec. 1094, Rev. Stat., which reads in part:

" When one-half of the taxes as aforesaid, charged against any entry, on a tax duplicte in the hands of a county treasurer, is not paid on or before the twentieth day of December next, after the same has been so charged, or when the remainder of such taxes is not paid on or before the twentieth day of June next thereafter, the county treasurer shall proceed to collect the same by distress or otherwise, together with a penalty of five per centum on the amount of taxes so delinquent."

And this, we understand as applicable to the taxes which the plaintiff in error here should have paid for and on account of the year 1894, and which would have been overdue at the time suit was begun if he had returned his property for taxation at the proper time, and the same is true as to the taxes of 1895, and of the subsequent years for and on account of which these taxes were found to be due and delinquent; the

treasurer was in duty bound to proceed and collect the same, by distress or otherwise, together with a penalty of five per cent. upon the amount of taxes so delinquent. We think that the fifty per cent. added under Sec. 2781, Rev. Stat., is of the same quality, stands upon the same footing, as that added under Sec. 2784, Rev. Stat., which provides:

"The assessor shall, in every case in which any person, company or corporation refuses or neglects to make return, or, on being requested to do so, refuses or neglects to swear to the same, shall return the fact of such refusal or neglect by the words 'refused to list' or 'refused to swear,' as the case may be; and in every such case, and in every case in which any company, or corporation whose duty it is to make return of taxable property to the auditor, refuses or neglects to make or verify such return, the auditor shall add to the amount returned, or ascertained, fifty per centum of such amount, and the amount thus increased shall be the basis of taxation for that year."

While this method amounts to the same and the result is the same as adding the penalty of fifty per cent. to the taxes, it will be observed that the method is to add fifty per cent. to the valuation and then the tax is calculated upon this valuation, and the same method is pursued under Sec. 2781, Rev. Stat.

As I have said, the plaintiff in error is a manufacturing company engaged in the manufacture of bridges. There was some testimony upon the trial tending to show that in many instances and with respect to a large amount of its property going into bridge structures it is not brought to the manufactory of the company in the city of Toledo at all, but is shipped from the plants of certain steel companies in other states to a certain point, either in this county or elsewhere, where the bridge is located, and there built into the structure. And it was contended in the court below and is contended here on behalf of the plaintiff in error, that such property is not to be returned for taxation, and in accordance with that view, the court was asked by the plaintiff in error to charge the jury as follows:

"9. The defendant cannot be taxed upon material purchased by it for use in its business which has not come to its factory to be changed or operated upon, but goes directly from the steel mills or other bridge companies to the place of use. If the testimony shows that the defendant used a portion of its material in this manner and the total sales of the company embraces such material, then such total sales would not form a satisfactory basis from which to estimate the amount to be returned by the defendant for taxation."

This charge was not given, and the refusal of the court to give it, is alleged as error.

A manufacturer, within the purview of the law, on the subject of taxation, is defined in Sec. 2742, Rev. Stat., as a "person who shall purchase, receive or hold personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying, or by the combination of different materials with the view of making a gain or profit by so doing."

And the statute provides that he shall include in his statement to the assessor "the average value estimated as provided herein of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying, or refining, and also of all articles which were at any time by him manufactured or changed in any way, either by com-

Bridge Co. v. Yost.

bination or rectifying, or refining or adding thereto which, from time to time, he shall have had on hand during the year next previous to the first day of April annually, if so long he shall have been engaged in such manufacturing business.''

If the plaintiff in error had caused the materials for the structures which it was erecting throughout the state to be partly put in form in another state and then, instead of having the same brought to the factory here in Toledo and operated upon, had caused them to be taken to the points where the bridge was being erected and had sent its operatives from the factory here in Toledo to such points and they had there worked upon the materials to bring them to completion so they could enter into the structure and had then and there built up the structure, under the law as laid down in this charge it would not have been required to return any of such property for taxation.

We are of the opinion that it would be required to return such property for taxation notwithstanding the operations upon it might be elsewhere than at the factory or under the roof of the factory in Lucas county, and that therefore the court of common pleas did not err in refusing to give this request to the jury.

What our view would be upon a case of property not brought into the state at all, or not operated upon in this state, or property merely conveyed through the state in going into the erection of a bridge or structure in another state, we need not say, although it was discussed in argument, since the request to charge does not involve that kind of a case but goes far beyond it.

Neither need we discuss or express an opinion upon the question as to what if any part of the property that is not directly operated upon, such as an abutment or piers and the wooden parts of the structure or other parts that were erected upon the same sub-structure; need go into the return, since no question of that kind seems to us to be directly involved here.

Counsel for plaintiff in error contend that if there was no falsity in these returns, the auditor was not authorized to proceed at all under Sec. 2781, Rev. Stat , but that he was required to proceed or that he might proceed under Sec. 2742, Rev. Stat., and under no other section, and that if he proceeded under Sec. 2742, Rev. Stat., he could not go back of the current year—could not enter—upon his tax duplicates any alleged delinquent taxes or omitted taxes for the years prior to the current year. This view we believe is correct. But we also believe that if proceeding under Sec. 2742, Rev. Stat., he found omitted taxes of the current year, those might be entered upon the tax duplicate by a method substantially, if not precisely, like that pursued here, and that he might for the collection of such taxes, institute an action under Sec. 2859, Rev. Stat., and that even though there was no falsity in these returns and the jury might have so found, and though there may have been omitted taxes for many years which had not been entered upon the tax duplicate, the plaintiff would be entitled to have the suit go forward to recover all of the omitted taxes of the current year, but for no more, and in looking at the charge of the court to the jury, on page 39, we find that the fact that the jury were not authorized to go back of the current year unless they found that there was falsity in the returns, seems to have been overlooked by the trial judge since he charged as follows:

'' If we find, however, that although the returns of the defendant were insufficient, they were not false as I have defined the word, you

will multiply the amount of deficiency found by you by the rate for the year as shown by 'Exhibit A' and thus determine the tax for the year. Having determined the tax which the plaintiff is entitled to recover, if he recovers at all, you will add up the amounts, and on that amount—on the sum so obtained—you will allow the plaintiff five per cent. to which he is entitled as a penalty, as compensation for the collection of delinquent personal taxes and to the sum of taxes which he is entitled to recover you will add this penalty of five per cent.''

"I will say to you further, that on the amount of taxes and penalty which you may find the plaintiff is entitled to recover in this action, if he recover at all, you will also compute interest at the rate of six per cent. from the fifteenth day of January of this year, the date of the beginning of this action, to the first day of this term of court, which was September 17, and add that to the amount, and in your verdict, if you find for the plaintiff, you will write the total sum that the plaintiff is entitled to recover for taxes, penalty and interest.''

This clearly authorized the jury to take into consideration omitted taxes for the years prior to the current year; and this we think, was wrong. The statute in this respect has been changed since this tax was entered upon the duplicate and since this action was begun. Since that time Sec. 2781a, Rev. Stat. has been passed, which provides that even in the case of taxes omitted by mistake or innocently, the auditor is authorized to go back five years, but that statute was passed upon March 22, 1900, and, therefore, could have no application to the action of the auditor in entering these taxes upon the duplicate or in commencing this suit, both of which events occurred before that date.

We have no means of telling with certainty whether the jury found that these returns were "false" within the meaning of Sec. 2781, Rev. Stat. They may have found that they were not false. The computations I have suggested afford at least very strong evidence that they did so find, and yet they were authorized by this charge, notwithstanding their finding that there was no falsity in the returns, to proceed to compute and enter into their verdict the taxes omitted for years prior to the current year, and since we cannot be sure that such error in the charge did not result prejudicially to the plaintiff in error, and since we cannot determine with certainty that such result did not flow from this charge, we are obliged, under the rules, to reverse this judgment.

I have not discussed all of the points that were debated by counsel, but it will be sufficient to say that the error here pointed out is the only error we find in the record, and for that reason, and that alone, the judgment of the court of common pleas will be reversed.